# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **CAMERON D. GRIFFIN,** | § | |
| *Plaintiff* | § | |
| | § | |
| | § | |
| **v.** | § | **CASE NO. 1:24-CV-00630-RP-SH** |
| | § | |
| **AMAZON INC.,** | § | |
| *Defendant* | § | |

## ORDER AND REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

**TO:    THE HONORABLE ROBERT PITMAN**
**UNITED STATES DISTRICT JUDGE**

Before the Court are Plaintiff Cameron D. Griffin's Complaint (Dkt. 1), Application to Proceed *In Forma Pauperis* and Financial Affidavit in Support (Dkt. 2), and Motion for Appointment of Counsel (Dkt. 3), all filed June 7, 2024. The District Court referred this case to this Magistrate Judge pursuant to 28 U.S.C. § 636(b), Federal Rule of Civil Procedure 72, Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, and the Court Docket Management Standing Order for United States District Judge Robert Pitman. Dkt. 4.

## I.    Background

Plaintiff Cameron D. Griffin, proceeding *pro se*, brings employment claims against Defendant Amazon Inc., including violation of workplace safety standards and disability discrimination and wrongful termination under the Americans with Disabilities Act ("ADA"). Griffin alleges that he began working for Amazon in October 2018 and "started having issues" with his manager in March 2023. Complaint, Dkt. 1 at 6. Griffin alleges that Amazon violated Occupational Safety and Health Administration ("OSHA") guidelines and retaliated against him after he filed "multiple complaints to multiple agencies in regards to unsafe working environments." *Id.* He also alleges that his manager, trying to wake him up, "touched/pushed/shoved" him while his back was injured, and that his employment was terminated after he reported this to human resources. *Id.* at 6, 8.

1

## II.    Application to Proceed *In Forma Pauperis*

Under 28 U.S.C. § 1915(a)(1), a court may permit a plaintiff to file an action "without prepayment of fees or security therefor" if the plaintiff shows by affidavit that he is unable to pay such fees or security. To determine whether a full or partial filing fee would cause undue financial hardship, a court must examine the financial condition of the *in forma pauperis* applicant. *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988).

Having reviewed his financial affidavit, the Court finds that Griffin cannot pay the filing fee without experiencing undue financial hardship. Accordingly, the Court **GRANTS** Griffin *in forma pauperis* status and **ORDERS** his Complaint to be filed without pre-payment of fees or costs or giving security therefor pursuant to 28 U.S.C. § 1915(a)(1). This *in forma pauperis* status is granted subject to a later determination that the action should be dismissed if the allegation of poverty is untrue or the action is found frivolous or malicious under 28 U.S.C. § 1915(e)(2). Griffin is also advised that although he has been granted leave to proceed *in forma pauperis*, the Court may, in its discretion, impose costs of court at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

The Court has reviewed the claims in the Complaint under 28 U.S.C. § 1915(e)(2) and recommends that Griffin's lawsuit be dismissed. Service on Defendant Amazon Inc. should be withheld pending the District Court's review of this recommendation.

## III.    Motion to Appoint Counsel

Griffin asks the Court to appoint counsel under 42 U.S.C. § 2000e-5(f)(1), which permits a court to appoint counsel to a plaintiff alleging employment discrimination "in such circumstances as the court may deem just." *Id.* There is "no automatic right to the appointment of counsel" under this statute, and the decision rests within the sound discretion of the trial court. *Gonzalez v. Carlin*, 907 F.2d 573, 579 (5th Cir. 1990). Courts consider three factors in determining whether to appoint counsel under § 2000e-5(f)(1): (1) the merits of the claim; (2) the plaintiff's own efforts to secure

private counsel; and (3) the plaintiff's financial ability to retain private counsel. *Altamirano v. DeJoy*, No. 5-21-CV-01049-OLG-RBF, 2021 WL 12104842, at *1 (W.D. Tex. Dec. 1, 2021). No factor is conclusive. *Id.*

Griffin's financial ability to retain counsel is limited, satisfying the third factor. But for the second factor, Griffin states only that he called a lawyer referral service and could not reach an attorney. He does not state that he contacted any local attorneys or legal aid associations. Because Griffin has not shown diligent efforts to secure private counsel and the Court recommends that his claims be dismissed under 28 U.S.C. § 1915(e)(2), the Court finds that he has satisfied neither the first nor second factor. The Court **DENIES** Griffin's motion for appointment of counsel.

## IV.    Frivolousness Review Under Section 1915(e)(2)

Because Griffin has been granted leave to proceed *in forma pauperis*, the Court is required by standing order to review his Complaint under § 1915(e)(2). A court may summarily dismiss a complaint filed *in forma pauperis* if it concludes the action is (1) frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim on which relief may be granted when the plaintiff does not plead enough facts to state a claim for relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" do not state a claim on which relief may be granted. *Id*. at 555. The Court liberally construes a *pro se* litigant's pleadings. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

### A. Griffin Does Not State an ADA Claim

Griffin alleges disability discrimination and wrongful termination under the ADA, as well as "harassment" and a hostile work environment. Dkt. 1 at 4. Griffin alleges that he had a back injury and his manager physically pushed or shoved him, after which he was fired for reporting the

3

incident. *Id.* at 6, 8. Griffin does not articulate a separate cause of action for his claims of harassment or a hostile work environment, so the Court construes them as part of his claim under the ADA. *See Thompson v. Microsoft Corp.*, 2 F.4th 460, 471 (5th Cir. 2021) (listing harassment as an element of "a hostile-work-environment claim under the ADA").

Before plaintiffs may file suit under Title I of the ADA, they "must first exhaust their administrative remedies by filing a charge of discrimination" with the Equal Employment Opportunity Commission ("EEOC"). *Zaragoza v. Union Pac. R.R. Co.*, 606 F. Supp. 3d 427, 431-32 (W.D. Tex. 2022). If a plaintiff has not filed a charge with a state or local agency, the EEOC charge must be filed within 180 days of the alleged unlawful employment practice. 42 U.S.C. § 2000e-5(e)(1). Exhaustion is not complete until the plaintiff receives a notice of right to sue from the EEOC. *Prewitt v. Cont'l Auto.*, 927 F. Supp. 2d 435, 444 (W.D. Tex. 2013).

Griffin does not allege that he has filed a charge of disability discrimination with the EEOC or any state or local agency. He alleges that he was wrongfully terminated on June 7, 2024, the same day that he filed this lawsuit. Dkt. 1 at 8. Griffin has not exhausted his administrative remedies, so his ADA claims should be dismissed.

A *pro se* litigant ordinarily should be "offered an opportunity to amend his complaint before it is dismissed" under Rule 12(b)(6). *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009). A court may deny leave to amend if the amendment would be futile because it would fail to state a claim on which relief could be granted. *Legate v. Livingston*, 822 F.3d 207, 211 (5th Cir. 2016). Because "exhaustion of ADA claims is a prerequisite to suit," Griffin cannot correct his failure to exhaust by filing an amended complaint. *Robles v. Tex. Tech. Univ. Health Scis. Ctr.*, 131 F. Supp. 3d 616, 632 n.146 (W.D. Tex. 2015). Time remains for Griffin to file a charge with the EEOC, so this Magistrate Judge recommends that his ADA claims be dismissed without prejudice. *Martin K. Eby Constr. Co., v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 n.5 (5th Cir. 2004).

4

**B. Unsafe Work Environment Claim is Frivolous**

Griffin also brings a claim based on Amazon's "unsafe working environment," alleging that he reported numerous workplace safety violations to Amazon and outside agencies and suffered retaliation. Dkt. 1 at 4, 6. There is no private right of action for OSHA violations. *Russell v. Rivera*, No. 1-23-CV-1511-DII, 2024 WL 3289565, at *2 (W.D. Tex. May 22, 2024), *R. & R. adopted*, 2024 WL 3282510 (W.D. Tex. July 1, 2024). Similarly, a private individual cannot sue for retaliatory discharge after reporting OSHA violations. *Lewis v. DBI Servs.*, No. SA-19-CV-00662-DAE, 2019 WL 3220006, at *2 (W.D. Tex. July 17, 2019). There is no legal basis for Griffin's claims for alleged workplace safety violations or retaliation.

**C. FLSA and RICO Claims are Frivolous**

In the "Nature of Suit" section on the Cover Sheet to his Complaint, Griffin also checked the Fair Labor Standards Act ("FLSA") and the Racketeer Influenced and Corrupt Organizations Act ("RICO") boxes. Dkt. 1-1. He alleges no facts to support either of these claims and so has not stated a plausible FLSA or RICO claim.

## V.      Order

The Court **GRANTS** Plaintiff Cameron D. Griffin's Application to Proceed *In Forma Pauperis* and Financial Affidavit in Support (Dkt. 2) and **DENIES** his Motion for Appointment of Counsel (Dkt. 3).

## VI.      Recommendation

This Magistrate Judge **RECOMMENDS** that the District Court **DISMISS WITHOUT PREJUDICE** Griffin's claims under the Americans with Disabilities Act and **DISMISS WITH PREJUDICE** his remaining claims as frivolous under 28 U.S.C. § 1915(e)(2).

The Court **ORDERS** that the Clerk remove this case from this Magistrate Judge's docket and return it to the docket of the Honorable Robert Pitman.

## VII.    Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on July 19, 2024.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE

6